

# United States Bankruptcy Court
# for the District of Oregon

Thomas M. Renn, Judge
Jonni Paulsen, Judicial Assistant
Andrea Breinholt, Law Clerk

405 East Eighth Avenue, Suite 2600
Eugene, Oregon 97401

(541) 431-4050
FAX: (541) 431-4047

March 20, 2020

***VIA ECF ONLY***

Mr. Charles Markley
Sylvan Law Center P.C.
9900 SW Wilshire Street #280
Portland, OR  97225

Mr. James P. Laurick
Attorney at Law
732 NW 19th Avenue
Portland, OR  97209

Mr. Matthew Cleverly
Fidelity National Law Group
Columbia Center
701 Fifth Avenue #2710
Seattle, WA  98104

Mr. Tyson L. Calvert
Mr. Kevin Hisashi Kono
Attorneys at Law
1300 SW 5th Avenue, #3400 & #2300
Portland, OR  97201

Ms. Jeanne K. Sinnott
Wildwood Law Group LLC
3519 NE 15th Ave #362
Portland, OR  97212

Ms. Katie Jo Johnson
Attorney at Law
1100 SW 6th Avenue #1600
Portland, OR  97204

RE:  Amborn v. Dowell et al., Adv. Proc. No. 19-6054-tmr
     Amborn v. First American Title Insurance Company et al., Adv. Proc. No. 19-6057-tmr

Counsel:

     These matters came before the court at a joint hearing on Trustee's Motions for Remand of these two adversary proceedings, along with the Defendants'[1] Motions to Dismiss the Complaints.  Except for Trustee, the parties in the two cases differ, but the claims, facts, and

---

[1] In Adv. Proc. #19-6054 Defendants Dale and Kelly Dowell and ReconTrust Company, N.A. filed Motions to Dismiss.  Defendant Quicken Loans Inc. filed a Joinder in ReconTrust Company N.A.'s Motion to Dismiss.  In Adv. Proc. #19-6057 Defendants Mark and Sandy Brown, JPMorgan Chase Bank, and Michael and Debbie Rubaum filed Motions to Dismiss. Defendants First American Title Company and Mortgage Lender Services, Inc. each filed a Joinder to Motions to Dismiss.  I refer to all these parties collectively as "the Defendants."

legal issues in each overlap significantly. Because of the overlap, and consistent with my treatment of these motions, I am issuing this joint ruling covering both adversary proceedings.

As defenses to Trustee's claims, all Defendants argue that the claims are avoidance actions governed by 11 U.S.C. §§ 544 – 548.[2] Two Defendants argue that the claims were abandoned pursuant to § 554. In their opposition to the motions to remand, Defendants focus their arguments on the bankruptcy issues, primarily the § 544 avoidance question, arguing that the existence of the Title 11 issues necessitates that the bankruptcy court retain jurisdiction over the two cases. I have considered the parties' arguments, reviewed their submissions, and conducted my own research into the issues. Because the Defendants framed the avoidance and abandonment issues as factors in the remand analysis and because they can be resolved as a matter of law on the record before me, I will address the bankruptcy issues in the manner outlined below and remand the remaining claims, the Motions to Dismiss, and Trustee's Motions to File Amended Complaint in both proceedings to state court.

**1. Applicability of 11 U.S.C. § 544**

In their Motions to Dismiss and Joint Opposition for Motion for Remand, the Defendants argue that, notwithstanding Trustee's reference to Oregon state law as the basis for her claims, the claims are, in actuality, avoidance actions within the meaning of 11 U.S.C. § 544 and, as such, are limited by its 2-year statute of limitations. Defendants cite a recent district court ruling for the notion that, because Trustee's claims have the characteristics of an avoidance action, the § 544 statute of limitations applies. *See Arnot v. ServiceLink Title Co. of Oregon*, No. 3:17-cv-00591-MO, 2019 WL 6719478, at *4-5 (D. Or. Dec. 9, 2019). Because the two district court cases addressed in the court's ruling are fact-driven and unrelated to the two adversary proceedings before me, the *ServiceLink* ruling does not determine the outcome in these cases. I will, however, consider it for whatever persuasive value it may have.

In both adversary proceedings, Trustee asserts claims arising under Oregon common law (quiet title and trespass) and statutory law (invalid claim of encumbrance under ORS 205.470). She does not cite the Bankruptcy Code as authority for her claims. At the hearing held on December 10, 2019, Trustee offered what she called a "binding judicial admission": she does not seek relief under §§ 544-548 of the Bankruptcy Code, nor does she assert the status of a judicial lien creditor under § 544(a).

Section 541 of the Bankruptcy Code provides that the commencement of a bankruptcy case creates an estate comprised of all interests of the debtor in property, including any causes of action arising under nonbankruptcy law. "[T]he trustee stands in the shoes of the [debtor] and has standing to bring any suit that the [debtor] could have instituted had it not petitioned for bankruptcy." *Smith v. Arthur Anderson LLP*, 421 F.3d 989, 1002 (9th Cir. 2005). Although a chapter 7 trustee has authority to assert the estate's claims by operation of the Code, the Code does not transmute the nature of those claims into claims arising under the Code. Nor do the claims change because the trustee – rather than the debtor – pursues them. The claims remain, such as they are, subject to the same defenses and limitations to which the debtor would be subject. A debtor's choice not to pursue a claim might make it subject to waiver, laches, or

---

[2] Unless otherwise indicated, all subsequent statutory references are to Title 11 of the United States Code (the Bankruptcy Code).

other similar defenses, but such inaction and the claimant's underlying motivations do not change the claim itself.

If the debtors in our cases had never filed bankruptcy and instead pursued the quiet title, trespass, and invalid claim of encumbrance claims, the merits of those claims would be determined without any reference to § 544. Because the debtors filed bankruptcy, Trustee stands in their shoes and may assert the claims (to the extent they exist) that the debtors could have brought on their own. The debtors' choice not to bring the claims on their own behalf might be relevant to the merits of or defenses to the claims, but that choice has no bearing on what the claims *are*.

For similar reasons, I see no basis to look behind the pleadings to Trustee's litigation tactics in order to reframe her claims. The two adversary proceedings do not include the same degree of "procedural maneuverings" that concerned the *ServiceLink* court. 2019 WL 6719478, at *4. Nor do the Defendants argue that the procedural evolution of the two cases is a basis to treat the claims as a § 544 action. Even so, just as it would be inappropriate for me to reframe Trustee's claims as avoidance actions based on the procedural decisions made by a different plaintiff in a different case (i.e., the trustee in *ServiceLink*), I will not recharacterize the estate's claims or curtail the estate's substantive rights based on Trustee's procedural litigation tactics in these cases.

Under § 704(a), a trustee has a duty to "collect and reduce to money the property of the estate," which includes the asserted causes of action to the extent they existed on the eve of bankruptcy filing and are not subject to other defenses. Trustee chose not to bring an avoidance claim under § 544, and she does not outline her claims in a way that appears aimed at satisfying the elements of a § 544 claim. In reviewing the record before me, I have no reason to doubt that she believes pursuing the state law claims will maximize the recovery to the bankruptcy estate. Whether recovery on these claims is her ultimate goal or whether the outcome is a means to a further end remains to be seen. Regardless, if she can meet her burdens of proof on the asserted claims, she is entitled to recovery.

As you know, the facts, claims, and legal issues in *ServiceLink* are similar to those in our cases. The court dedicated considerable thought and analysis to the matters before it; however, for the reasons outlined above, I reach a different conclusion in these cases. As such, where the claims are not disguised avoidance actions under § 544, the 2-year statute of limitations outlined in § 546(a) does not apply. By extension, the defenses available to transferees in § 550 are not applicable, as, by its terms, the section only applies to "a transfer [that] is avoided under section 544, 545, 547, 548, 549, 553(b) or 724(a) of this title."

2. **Abandonment under 11 U.S.C. § 554**

In their Joint Opposition to Remand, the Defendants argue that resolution of the claims requires a determination of whether Trustee abandoned the claims under § 554(c) by failing to pursue them prior to entry of the discharge orders.[3] By extension, they assert that the abandonment determination is more appropriately made by the bankruptcy court, thus weighing

---

3 In their Answers, Defendants First American Title Insurance Company and Mortgage Lender Services, Inc., also raise abandonment as an affirmative defense.

against remand. While I agree that the bankruptcy court must determine the issue, on the record before me, I can resolve it as a matter of law.

Abandonment of an asset occurs two ways. First, under § 554(a) and (b), after notice and a hearing, the trustee may voluntarily abandon (or a party in interest may request an order requiring the trustee to abandon) property of the estate that is "burdensome" or "of inconsequential value and benefit to the estate." No one requested abandonment under § 554(a) or (b) in either bankruptcy case.

Second, under § 554(c), "any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor." Section 521(a)(1)(B), in pertinent part, requires the debtor to file "a schedule of assets and liabilities." "The debtor has a duty to prepare schedules carefully, completely, and accurately." *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001) (internal citations omitted). If a debtor "fail[s] to properly schedule an asset, including a cause of action, that asset continues to belong to the bankruptcy estate" and does not revert to the debtor upon closing. *Id.* at 946-47.

The 9th Circuit Bankruptcy Appellate Panel (BAP) in *Pace v. Battley (In re Pace)* explains:

> Abandonment pursuant to § 554(c) requires that the property to be abandoned is properly scheduled under § 521[(a)(1)]. . . . Abandonment requires affirmative action by the trustee or some other evidence of the intent to abandon the asset. If the property is not properly scheduled, it is not sufficient that the trustee knew of the property's existence at the time the case was closed.

146 B.R. 562, 564 (9th Cir. BAP 1992), *aff'd*, 17 F.3d 395 (9th Cir. 1994) (holding that, despite trustee's knowledge of a malpractice claim prior to closure of the case, the claim was not abandoned under § 554(c) because it was not formally scheduled as an asset). Referencing the claim on the statement of financial affairs (SOFA) is insufficient. *See Orton v. Hoffman (In re Kayne),* 453 B.R. 372, 384 (9th Cir. BAP 2011) ("Mentioning an asset in the statement of affairs is not the same as scheduling it."); *Pretcher-Johnson v. Aurora Bank, FSB et al. (In re Pretcher-Johnson)*, No. NC-16-1180-BTaF, 2017 WL 2779977, at *5 (9th Cir. BAP May 31, 2017) (disclosure of an action without a value on her SOFA was not sufficient to trigger an automatic abandonment).

In the pending cases, the debtors did not include any notation on their respective Schedules B regarding a wrongful foreclosure, quiet title, trespass, or any other claim arising from the facts related to Trustee's claims. The debtors each affirmatively checked the "NONE" boxes for the asset entries related to "other contingent and unliquidated claims of every nature" and "other personal property of any kind." On their respective SOFAs, the debtors in each case list the foreclosure sales: the creditor's name, the date of the foreclosure, and the real property address. They make no mention of any resulting causes of action or otherwise indicate that they thought either sale was conducted in an unlawful manner.

The fact that a foreclosure sale occurred is not an asset, nor does it provide enough information to put the Trustee on notice that the debtors may have claims related to the sales. Even if the SOFA entries were sufficient to put Trustee on notice of the claims, for the reasons

outlined above, the foreclosure sale notations on the SOFAs do not, as a matter of law, satisfy the §§ 521(a)(1) and 554(c) requirements for formal scheduling of assets. Therefore, because the claims were not "scheduled," they were not abandoned when the cases closed, and they remain property of the two estates.

**3. Motions for Remand to State Court**

The parties agree that the 14 remand factors outlined in *Nilsen v. Neilson (In re Cedar Funding, Inc.)*, 419 B.R. 807, 820 n.18 (9th Cir. BAP 2009), apply in this case. I will discuss each factor in turn.

<u>Impact on the efficient administration of the estate</u>. Although the outcome of these cases may produce assets requiring further administration by Trustee, I see no reason why remanding the cases to state court would impede the efficient administration of the bankruptcy estate. In resolving the matters before me today, I needn't hypothesize about potential, future parties and claims. If future claims or issues arise in the main bankruptcy cases, I am prepared to handle them in due course.

<u>Extent to which state law issues predominate</u>. In their Joint Opposition to Remand, the Defendants argue that abandonment under § 554, as well as the avoidance action issues under §§ 544, 546(a), and 550, all require bankruptcy court adjudication and, thus, weigh against remand. Having resolved the bankruptcy issues above, I see no other federal or bankruptcy law issues in these cases. Where the remaining claims are entirely governed by state law, this factor supports remand.

<u>Unsettled nature of applicable law</u>. The parties disagree about whether the applicable state law is unsettled. They disagree about whether the Oregon Trust Deed Act applies and what the pleading requirements are for Trustee's quiet title, trespass, and invalid claim of encumbrance claims. To the extent that any of these issues involve unsettled areas of the law, because they all turn on state law, the state court is better suited to resolve them.

<u>Related state court proceeding</u>. Each of these cases originated in state court. Upon removal and referral to bankruptcy court, the cases were no longer active in state court. There are no other related proceedings in state court. If remanded, the cases will again be pending in state court. This factor is neutral in my overall remand analysis.

<u>Jurisdictional basis</u>. The parties agree that I have "related to" jurisdiction under 28 U.S.C. § 1334(b). Because I resolved the bankruptcy issues, there is no other jurisdictional basis. This weighs in favor of remand. Moreover, even if I were to retain the cases, Defendants ReconTrust, Quicken Loans, and First American Title do not consent to my authority to enter final orders and judgment. In this context, I needn't fully analyze the question of whether each claim falls within the ambit of *Stern v. Marshall*, 564 U.S. 462 (2011). But, as noted above, there are no bankruptcy-specific issues. Where some or all of the remaining claims may be non-core, determinations in this court would likely require preparation of findings and recommendations for review by the district court. Given the inefficiency and costs related to such a procedural and jurisdictional posture, this also weighs in favor of remand.

<u>Degree of relatedness or remoteness of proceeding to main bankruptcy case</u>. The Smith and Clark main bankruptcy cases were closed for over 9 and 7 years, respectively, before Trustee moved to reopen them to pursue these adversary proceedings. There are no other pending matters in either bankruptcy case. Where there are no other assets related to the adversary proceedings, no claim objections that pertain to the parties' rights relative to each other, and nothing else whatsoever in the main cases that have anything to do with the adversaries, this factor weighs in favor of remand.

<u>Substance of the asserted core proceedings</u>. At this point, we have remaining only state court issues. These issues are most effectively addressed in state court. This factor weighs in favor of remand.

<u>Feasibility of severing state law claims from core bankruptcy matters</u>. Only state law claims remain. This weighs in favor of remand.

<u>Burden on bankruptcy court docket</u>. These cases present no unusual burden on the bankruptcy court docket, and we could accommodate the two proceedings. This weighs against remand.

<u>Forum shopping</u>. In their Joint Opposition to Remand, the Defendants extensively cite Judge Dunn's ruling in *In re Neel*, 554 B.R. 241 (Bankr. D. Or. 2016), and his rationale for denying the trustee's remand motion. But as to the forum shopping factor, Judge Dunn states:

> I do not find that a particular party's desire to be in one court or another because decisions from that court in similar cases are perceived as tending to favor one party over another to be problematic. . . . However, for those very reasons, I do not give the parties' respective court preferences much weight."

*Neel*, 554 B.R. at 249. I agree.

I also believe that the jurisdiction issue is relevant to the analysis of this factor. Again, where many of the Defendants do not consent to my authority to enter final orders and judgment, the parties would likely be forced to incur the time and expense related to district court de novo review of my findings and recommendations. Trustee's preference for a forum where this is not required is reasonable and not "forum shopping" as that term is usually intended.

<u>Right to a jury trial</u>. Trustee has demanded a jury trial in each case. Although the demand does not necessitate remand, it impacts judicial efficiency and the remand analysis. Where the bankruptcy court is not equipped to conduct a jury trial, this factor favors remand.

<u>Involvement of non-debtor parties</u>. The debtors are not parties to the proceedings. Where the Trustee is the only party directly related to the bankruptcy cases, this factor favors remand.

<u>Comity</u>. The remaining claims will be resolved through the application of state law. Comity favors remand.

<u>Possibility of prejudice to other parties in the action</u>.  Trustee argues that no party will be prejudiced if we remand.  The Defendants argue that no party is prejudiced if the cases remain in bankruptcy court.  I have no reason to believe that any party's claims or rights would be prejudiced if the cases proceeded in either court.  As such, this factor is neutral in the remand analysis.

**4. Conclusion**

For the reasons outlined above, the Trustee's claims were not abandoned via § 554(c) upon closure of the cases.  Nor are they avoidance actions under § 544.  As such, the 2-year statute of limitations outlined in § 546(a) does not apply, and the defenses under § 550 are not applicable.  Where there are no unresolved issues of bankruptcy law, the *Cedar Funding* factors weigh heavily in favor of remand.  I will remand to state court the remaining issues outlined in Defendants' Motions to Dismiss, as well as Trustee's Motion to File Amended Complaint (filed in both cases).  To the extent the Defendants' Motion to Extend Time to Respond to Plaintiff's Motion to Amend Complaint (filed in both cases) is not mooted by my ruling today, I will remand it to state court as well.  The court will enter separate orders in the two adversary proceedings.

Very truly yours,

*Thomas M Renn*

THOMAS M. RENN
Bankruptcy Judge

TMR: jrp